UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY THERMIDOR, | ) | 1:10-cv—02096-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO SUBMIT EXHIBITS |
| | ) | (DOCs. 4, 6) |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| KEN CLARK, | ) | REQUEST FOR INJUNCTIVE RELIEF |
| | ) | (DOC. 4) |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 14, 2010 (doc. 5). Pending before the Court is Petitioner's motion to submit exhibits filed on December 14, 2010.

I. <u>Motion to Submit Exhibits</u>

In the petition, Petitioner challenges the 2009 decision of

1

the California Board of Parole Hearings to deny his parole.

In the motion before the Court, Petitioner requests permission to submit listed exhibits, consisting of materials pertinent to the parole decision, after filing his petition due to delay in procuring copies of the exhibits.

Good cause appearing, Petitioner's motion is GRANTED.

The Court notes that the exhibits were submitted and were subsequently filed on December 14, 2010.

II.   <u>Motion for Injunctive Relief</u>

In his motion, Petitioner, an inmate of the California Substance Abuse Treatment Facility (CSATF) at Corcoran, California, states that a prison regulation prevents inmates from making copies that exceed fifty pages without administrative permission, and from making copies that exceed 100 pages without a court order.  (Mot., doc. 4, 1.)  Petitioner requests that this Court 1) instruct the prison that copies of exhibits are required for all petitions filed in the Court, and 2) order the prison that Petitioner's ability to make copies not be restricted. (Mot. 2.)  Petitioner does not indicate that there are any specific documents that need to be copied in order to be submitted in connection with the petition.

The Court understands Petitioner to be seeking injunctive relief against the prison or officials of the prison.

With respect to Petitioner's request for injunctive relief, after reading the motion in its entirety, it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

A district court may entertain a petition for a writ of

2

habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 adoption.

Because in the motion Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, Petitioner's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

**Dated:   January 3, 2011**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

3